*Fairfield,*
June, 1849.
———
Beers
*v.*
Housatonuc
Rail-road
Company.

BEERS *against* THE HOUSATONUC RAIL-ROAD COMPANY.

Whether there was negligence, or want of care, in whatever degree, in either of the parties, is a question of fact, to be determined by the jury; and whether the circumstances attending the transaction, constitute such negligence or want of care, will not, though admitted, be decided by the court, as matter of law, but will be left to the jury, as evidence, for them to pass upon.

This is especially true, where the circumstances in question are but *a part* of the evidence in the cause.

In an action for an injury to the plaintiff, resulting from the negligence of the defendant, the care required of the plaintiff, is that degree of care which may reasonably be expected from one in his situation—*i. e., reasonable* care; and if this degree of care be exercised by him, the want of a less degree will not preclude him from a recovery for the negligence of the defendant.

What will be deemed reasonable care, in any case, will depend on the peculiar circumstances of that particular case.

There is no distinction between rail-roads and ordinary highways, in regard to the degree of care, which the law requires, on the part of those who have the direction or management of vehicles upon them.

As to the adaptedness of the charge to the case, and to the claims of the defendants.

THIS was an action on the case, to recover damages for injuries done to the plaintiff's oxen, by the locomotive of the defendants, through the carelessness of their servants.

The cause was tried, on the general issue, at *Fairfield*, *February* term, 1849.

On the trial, the plaintiff introduced evidence to show, that *John B. Beers*, the son and servant of the plaintiff, was driving fifteen or sixteen head of cattle belonging to the plaintiff, from the *East* to the *West*, along a public highway, which crosses the rail-road of the defendants, near the dwelling-house of *S. N. Glover*, in *Newtown*; that several of said cattle got upon the track of the rail-road, at the point of intersection, and were there so much injured, as to be rendered wholly useless, by the locomotive of the defendants, coming from the *South*; and that such injuries were owing to the negligence of the defendants' servants.

The defendants claimed, and introduced evidence to show, that their servants had not been guilty of negligence.

The witnesses for the plaintiff testified, that the cars of the defendants, came along, at about the usual time for them to pass, although the time of their arrival varied considerably from day to day, and at the usual speed of about twenty

miles an hour; that *John B. Beers*, who was driving the cattle, was between fifteen and twenty rods from the point of intersection, when the cars struck them; that he knew that it was about the usual time for the cars to pass; that the cattle were scattered along from the place where he was, to the rail-road, in the same manner as cattle always are, when properly and carefully driven along the highway; that he was driving them in the usual manner of driving cattle on highways, and that he was too far distant from the point of intersection to be able, if he had tried, to reach them, after the cars appeared in sight; but when he discovered the locomotive, he used every exertion in his power, to drive the cattle off the track, and caused said *Glover*, who was nearer to them than he was, to aid him in so doing, but that their efforts for this purpose were unavailing; that no other precautions were taken by him, to prevent the cattle from being on the track, when the locomotive arrived.

*Fairfield*,
June, 1849.

Beers
*v.*
Housatonuc
Rail-road
Company.

The defendants claimed, that these facts, which were not disputed, constituted, under the circumstances, the want of ordinary and reasonable care, on the part of the plaintiff; and that although the defendants were guilty of negligence, the court should charge the jury, as matter of law, that these admitted facts constituted the want of reasonable and ordinary care, on the part of the plaintiff; and that, if the jury should find, that they contributed substantially to the occurrence of the injury complained of, the plaintiff could not recover. But the court did not so charge the jury.

The defendants also claimed to have proved, that the negligence of the plaintiff contributed, with the negligence of the defendants, to produce the injury; and they requested the court to charge the jury, that the plaintiff could not recover, if they should find, that the injury was occasioned, in some degree, by the negligence of the defendants, and they should also find, that there was a want of ordinary care, on the part of the plaintiff, which contributed, in any substantial degree, to produce the injury.

The court charged the jury, that if there was negligence, in this case, on the part both of the plaintiff and of the defendants, and the plaintiff, by the exercise of ordinary care, could have avoided the injury, and he did not exercise such

*Fairfield,*
June, 1849.
────
Beers
*v.*
Housatonuc
Rail-road
Company.

care, and thereby contributed, in any degree, to the injury, he could not recover; but that if the plaintiff could not, by the exercise of ordinary care, have avoided the injury, the want of such care on his part, would not preclude him from a recovery.

The jury returned a verdict for the plaintiff, with 150 dollars, damages; and the defendants thereupon moved for a new trial, for a misdirection.

*Dutton,* (with whom was *Belden,*) in support of the motion, contended, 1. That it was the duty of the court, on the admitted facts, to charge the jury, that the plaintiffs could not recover. The principle sanctioned by the court, in refusing to give the charge requested, is, that men need not use any more care in driving cattle across a rail-road, even at the usual time of the passing of the cars, than men ordinarily exercise in driving cattle on highways. Such a position is repugnant to common sense, and to common law. The facts being admitted, it was the duty of the court to tell the jury, what the law was. In *England,* a non-suit would have been ordered. According to our practice, the same result is produced, by directing the jury to find for the defendant.

2. That the charge which the court did give, was incorrect. If there was negligence on the part of both, the plaintiff could not recover; and so the jury should have been instructed. To support this action, two things must concur—negligence in the defendant, and ordinary care in the plaintiff. *Butterfield* v. *Forrester,* 11 *East,* 60. *Vanderplank* v. *Miller,* 1 *Moo. & Malk.* 169. (22 *E. C. L.* 280.) *Sills* v. *Brown,* 9 *Car. & Pa.* 601. (38 *E. C. L.* 245.) And the burden of proof is on the plaintiff, not only to show negligence on the part of the defendant, but ordinary care on his own part. *Lane* v. *Crombie,* 12 *Pick.* 177. The plaintiff cannot excuse the want of ordinary care on his part, so as to entitle himself to a recovery, by alleging, that if he had used it, it would not have prevented the injury. The law requires ordinary care in the plaintiff, as a prerequisite to support the action; and without this, he is not *rectus in curia.*

3. That if the charge, as an abstract proposition, was not

erroneous, still it was not adapted to the case—it did not meet the claims of the defendants.

*Fairfield,*
June, 1849.

Beers
*v.*
Housatonic
Rail-road
Company.

*Hawley* and *Sturges,* contra, contended, 1. That there was no error in omitting to instruct the jury, that the facts stated in the motion, constituted the want of ordinary care, on the part of the plaintiff; for, in the first place, this was a question within the appropriate province of the jury; secondly, the motion does not profess to state all the facts and circumstances directly affecting the question of negligence, and which must have necessarily appeared in evidence—such as the distance at which the approach of the cars could be seen, the grade and condition of the road, &c.

2. That there was no error in the charge that was given. *Lynch* v. *Nurdin,* 1 *Adol. & Ell. N. S.* 29. (41 *E. C. L.* 422.) *Marriott* v. *Stanley,* 1 *Man. & Gran.* 568. (39 *E. C. L.* 559.) *Bridge* v. *Grand Junction Railway Co.,* 3 *Mees. & Wels.* 244. (cited 39 *E. C. L.* 562.) *Lowell* v. *Boston & Lowell Rail-road Co.,* 23 *Pick.* 24. *Johnson* v. *Patterson,* 14 *Conn. R.* 1.

STORRS, J. The first exception taken to the charge below, is, that the court did not instruct the jury, as matter of law, that the facts detailed in the motion, as testified by the plaintiff's witnesses, and which were not disputed, (and which were only a part of the facts claimed to be proved by the plaintiff,) constituted a want of ordinary and reasonable care on his part. When it is considered, that negligence, or a want of due care, was here the main fact to be ascertained, and that the facts, or more correctly speaking, the circumstances, thus given in evidence, were only evidential of such main fact, and conducing to prove it, it is obvious, that the court could not have pronounced that those circumstances proved the existence of negligence, or a want of due care, on the part of the plaintiff, without encroaching on the rights of the jury, whose exclusive province it was, to weigh the evidence, and determine whether it was sufficient for that purpose. If it were competent for the defendants to have availed themselves of a want of ordinary and reasonable care, on the part of the plaintiff, by a special plea, and that plea should allege merely the facts or circumstances on

*Fairfield,*
June, 1849.

Beers
*v.*
Housatonuc
Rail-road
Company.

which the defendants claim, that the court should have declared to the jury, that such want of care was proved; or if they had been found, in a special verdict, by the jury; it is quite clear, that such plea or verdict would be unavailable to the defendants on this question, for the reason that the one would allege, and the other would find, only the evidence of the fact in issue, and not the fact itself: it not being the duty of the court to draw inferences from evidence, but only to pronounce legal conclusions from facts admitted or properly found. Whether there was negligence, or a want of care, of whatever degree, was, from its very nature, a question of fact, and therefore to be decided by the jury. *Aldridge v. Great W. Railway Co.*, 1 Eng. Railway Cases, 852.

But, in the next place, the evidence of the plaintiff, on which it was claimed, by the defendants, that the court should decide on the existence of a want of due care, was only a *part* of the evidence adduced by the plaintiff. It is not competent for the defendant thus to select a part of the facts which the plaintiff claims to have proved, and require a charge on them, since it is obvious, that the other facts proved by him might materially vary the conclusion which would be derived from those thus selected. The plaintiff has a right to have them all considered and weighed together; unless, indeed, the effect of the facts thus selected, could not be varied, by the others which might be proved; which cannot be claimed, in this instance. A more perfect illustration of the groundlessness of this exception, for either of these reasons, could not be furnished, than by adverting to the facts in the present case, on the effect of which the court below were requested to decide.

The other exception to the charge below, respects its correctness, to the effect of the concurrence of negligence, on the part of the plaintiff, with that of the defendants, in producing the injury complained of.

The claim made and argued before us, by the defendants, is, that the concurrence of any negligence on the part of the plaintiff, of whatever degree, in producing that injury, constituted a defence in this action, and that the jury should have been so instructed. It would be a sufficient answer to this claim, that this question was not made or presented, by the defendants, on the trial. They requested only, that the

*Fairfield,*
June, 1849.

Beers
*v.*
Housatonic
Rail-road
Company.

jury should be instructed, that the plaintiff could not recover, if they should find, that there was a want of ordinary care, on his part, which contributed, in any substantial degree, to produce said injury, although the injury was occasioned, in *some* degree, by the negligence of the defendants ; thus impliedly conceding, that if there was, on the part of the plaintiff, a degree of negligence which did not amount to a want of ordinary care, it would not preclude a recovery by him. The court below met the claim of the defendants precisely, and charged the jury, certainly as favourably to them as they requested, and perhaps even more so ; for they were instructed, that if there was negligence on the part of both of the parties, and the plaintiff, by the exercise of ordinary care, could have avoided the injury, and he did not exercise such care, and thereby contributed, in any degree, to the injury, he could not recover ; but that if he could not, by the exercise of ordinary care, have avoided the injury, the want of such care, on his part, would not preclude him from recovering. Whatever we might think, therefore, of the point presented before us, by the defendants, as to the effect of negligence on the part of the plaintiff, not amounting to a want of ordinary care, they would not, under the circumstances, be entitled to a new trial, on account of the manner in which the cause was presented to the jury.

We think, however, that the charge was adapted to the case, and that the principles embraced in it are correct. There having been negligence on the part of the defendants, it was not sufficient for them, in order to excuse themselves, to show merely, that there was a want of care on the part of the plaintiff, unless it was a want of such a degree of care as it was incumbent on the plaintiff to exercise. In other words, if the plaintiff exercised all the care that the law required of him, the defendants cannot deliver themselves from the effect of negligence on their own part. Otherwise, the plaintiff would be left without redress for an injury, wrongfully inflicted on him, by the defendants, when the former had been guilty of no want of duty. The rational rule, and the one, as we think, established by the best authorities, in reference to the care incumbent on the plaintiff, is, that it must be ordinary care, as it is termed, which, as

*Fairfield,*
June, 1849.

Beers
*v,*
Housatonuc
Rail-road
Company.

stated by Lord *Denman*, Ch. J., in *Lynch* v. *Nurdin*, 1 *Adol. & El. N. S.* 36. (41 *E. C. L.* 422. 425.,) in interpreting that phrase as used by Lord *Ellenborough*, in *Butterfield* v. *Forrester*, 11 *East*, 60., means, " that degree of care, which may reasonably be expected from a person in the plaintiff's situation," and is synonymous with *reasonable care.* It would seem, that the principle, that one who had himself used reasonable care, but had, notwithstanding, suffered an injury from the negligence of another, should have redress for that injury, is so obviously just, that it carried with it its own vindication. But it does not rest on its own inherent reasonableness. The authorities in support of it are numerous and explicit : and although it has been supposed, that the cases go so far as to decide that the want of any degree of care whatever, however great, on the part of the plaintiff, concurring with the negligence of the defendant, will preclude a recovery, by the former, we are satisfied, after a careful examination of all the cases, that no well considered case, properly understood, sustains that position. Without scrutinizing in detail the cases which are deemed to favour this doctrine, it will be apparent, on an examination of them, that this erroneous impression has arisen from a want of precision, in some of them, in the manner of laying down the rule, which was deemed applicable to them by the judges, and from an incorrect apprehension of their language, in others. It will be found, in looking at the circumstances of those cases, that the fault or negligence of the plaintiff, to which the judges alluded as being that which would preclude a recovery, if it concurred with the negligence of the defendant, consisted, not of the least degree of negligence, but of such a degree as would amount to the want of ordinary or reasonable care ; and that, although it was not characterized by those terms, it was obviously the degree of negligence or fault which was intended ; and in several of them, the right of the plaintiff to recover, is expressly placed on the question whether he exercised ordinary or reasonable care to avoid the consequence of the defendant's negligence. *Pluckwell* v. *Wilson*, 5 *Car. & Pa.* 375. (24 *E. C. L.* 368.) *Luxford* v. *Large*, 5 *Car. & Pa.* 421. (24 *E. C. L.* 391.) *Williams* v. *Holland*, 6 *Car. & Pa.* 23. (25 *E. C. L.* 261.) *Vanderplank* v. *Miller*, 1 *Moo. & Malk.* 169. (22 *E. C. L.*

*Fairfield,*
*June, 1849.*

Beers
*v.*
Housatonuc
Rail-road
Company.

280.)   *Woolf* v. *Beard*, 8 *Car. & Pa.* 373.   (34 *E. C. L.*
435.)   *Sills* v. *Brown*, 9 *Car. & Pa.* 601.   (38 *E. C. L.*
245.)   *Flower* v. *Adam*, 2 *Taun.* 314.   *Hawkins* v. *Cooper*,
8 *Car. & Pa.* 473.   (34 *E. C. L.* 485.)   *Lack* v. *Seward*,
4 *Car. & Pa.* 106.   (19 *E. C. L.* 298.)   *Wayde* v. *Lady
Carr*, 2 *Dowl. & Ryl.* 255.   (16 *E. C. L.* 84.)

In *Butterfield* v. *Forrester*, 11 *East*, 60., which was an
action on the case for obstructing a highway, by means of
which obstruction the plaintiff, who was riding along the road,
was thrown down with his horse, and injured, the court
sustained the direction below, that the right of the plaintiff
to recover, depended on whether he was riding with reason-
able care, when he met with the obstruction.   *Bayley*, J.
said : "If he had used ordinary care, he must have seen the
obstruction ; so that the accident appeared to happen entire-
ly from his own fault."   Lord *Ellenborough*, Ch. J. said :
"A party is not to cast himself upon an obstruction, which
has been made by the fault of another, and avail himself of
it, if he does not himself use common and ordinary caution
to be in the right.   One person being in fault will not dis-
pense with another's using ordinary care for himself.   Two
things must concur to support this action ; an obstruction in
the road, by the fault of the defendant, and no want of ordi-
nary care to avoid it, on the part of the plaintiff."   In *Lynch*
v. *Nurdin*, Lord *Denman*, in delivering the opinion of the
court, says, that this doctrine of Lord *Ellenborough* has been
since generally adopted.

In *Marriott* v. *Stanley*, 1 *Mann. & Gran.* 568.   (39 *E.
C. L.* 559.) which was an action on the case for an injury
which the plaintiff had sustained from being thrown down
upon iron instruments placed in the highway, the judge put
the right of the plaintiff to recover, on the question whether
there was a wrongful act, on the part of the defendant, and
reasonable and ordinary care, on the part of the plaintiff ;
and the charge was sustained.   The instruction of the judge,
in that case, to the jury, that the defendant would be entitled
to a verdict, if they found, that the plaintiff, in any degree,
contributed to the injury of which he complained, was given,
in connexion with, and was obviously intended to be under-
stood with reference to, the principle just before stated, that
the plaintiff must have used reasonable and ordinary care ;

*Fairfield,*
June, 1849.

Beers
*v.*
Housatonuc
Rail-road
Company.

and its meaning was, that he could not recover, if, by the want of such care, he had, in any degree, contributed to the injury: for the judge expressly founded his charge on the case of *Butterfield* v. *Forrester.*

The cases of *Bird* v. *Holbrook,* 4 *Bing.* 628. (15 *E. C. L.* 91.,) and *Lynch* v. *Nurdin,* 1 *Adol. & Ellis, N. S.* 30., are decisive authorities, to show that, in an action for the negligence of the defendant, the fact that the plaintiff contributed to the injury, by his own unlawful act, does not necessarily bar him from a recovery, if there was, on the part of the plaintiff, the exercise of ordinary care. It appeared, in the latter case, that the defendant's cart was in a street under the charge of his carman; that the carman went into a house, and left the horse and cart standing at the door, without any person to take care of them, for about half an hour; that the plaintiff, who was a boy under seven years of age, and several other children, were about the cart, and the plaintiff, during the carman's absence, got upon it; that another boy led the horse on, and the plaintiff, who at the time was getting off the shaft, fell, and was run over, by the wheel, and his leg was broken. The court held, that it was properly left to the jury, whether the defendant's conduct was negligent, and that negligence caused the injury. On a motion for a new trial, on the ground of misdirection, and that the verdict was against evidence, the rule was discharged. Lord *Denman,* Ch. J., in giving the opinion of the court, says: "In the present case, the fact appears, that the plaintiff has done wrong; he had no right to enter the cart; and abstaining from doing so, he would have escaped the mischief; certainly, he was a coöperating cause of his own misfortune, by doing an unlawful act; and the question arises, whether that fact alone, must deprive the child of his remedy. The legal proposition, that one who has, by his own negligence, contributed to the injury of which he complains, cannot maintain his action against another, in respect of it, has received some qualifications. Indeed, Lord *Ellenborough's* doctrine in *Butterfield* v. *Forrester,* which has been generally adopted since, would not set up the want of a superior degree of skill or care as a bar to the claim for redress. Ordinary care must mean, that degree of care, which may reasonably be expected from a person in the

plaintiff's situation; and this would evidently be very small indeed, in so young a child. But this case presents more than the want of care; we find in it the positive misconduct of the plaintiff, an active instrument towards the effect. We have here express authorities for our guidance." And after referring to the cases of *Ilott* v. *Wilkes*, 3 *B. & Ald.* 304. (5 *E. C. L.* 295.) *Bird* v. *Holbrook*, (*ubi supra*,) and *Dean* v. *Clayton*, 7 *Taunt.* 489., he says: "*Bird* v. *Holbrook* is a decisive authority against the general proposition, that misconduct, even wilful and culpable misconduct, must necessarily exclude the plaintiff who is guilty of it, from a right to sue. I remember being present at a trial at *Warwich*, before Lord Chief Baron *Richards*, where the same law prevailed. The case is mentioned in *Bird* v. *Holbrook*. A boy having received serious injury from a spring-gun placed in a garden, where he was trespassing, recovered a verdict for 120*l.* damages, which was much considered, and never disturbed." The verdict was sustained, on the ground, that the plaintiff, under the circumstances, was not guilty of a want of ordinary or reasonable care, notwithstanding his misconduct concurred in producing the injury.

The question which we are considering, was presented, in the most direct and precise form, in *Bridge* v. *The Grand Junction Railway Co.*, 3 *M. & W.* 244. That was an action for the negligent management of a train of railway carriages, whereby it ran against another train, in one of which the plaintiff was riding, and injured him. There was a special plea, stating, that the parties having the management of the train in which the plaintiff was, managed it so carelessly, negligently and improperly, that in part by their negligence, as well as in part by the plaintiff's negligence, the defendants' train ran against the other, and caused the injuries to the plaintiff. The plea was held bad in substance, because it did not aver, that by ordinary care, the plaintiff could have avoided the consequence of the defendants' negligence. Lord *Abinger*, Ch. B., says: "The negligence of the plaintiff, in order to preclude him from recovering, must be such as that he could, by ordinary care, have avoided the consequences of the defendants' negligence." *Parke*, B., says: "All the facts alleged in the plea, may be true; there may have been negligence in both parties; and yet the plaintiff may be

*Fairfield,*
June, 1849.

Beers
*v.*
Housatonuc
Rail-road
Company.

*Fairfield,*
June, 1849.

Beers
*v.*
Housatonic
Rail-road
Company.

entitled to recover.   The rule of law is laid down, with perfect correctness, in the case of *Butterfield* v. *Forrester* ; and that rule is, that although there may have been negligence on the part of the plaintiff, yet, unless he might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, he is entitled to recover ; if, by ordinary care, he might have avoided them, he is the author of his own wrong.   This is the only way in which the rule, as to the exercise of ordinary care, is applicable to questions of this kind."   And in *Davies* v. *Mann*, 10 *M. & W.* 545., which was an action of the same description, the same principle is established.   A reference to the authorities, in this country, will show, that the same rule is here adopted.   *Smith* v. *Smith*, 2 *Pick.* 621.   *Thompson* v. *Bridgewater*, 7 *Pick.* 188.   *Lane* v. *Crombie*, 12 *Pick.* 177. *Adams* v. *Carlisle*, 21 *Pick.* 146.   *Parker* v. *Adams*, 12 *Metc.* 415.   *Washburn* v. *Tracy*, 2 *Chip.* 128.   *Kinnard* v. *Burton*, 12 *Shep.* 39.

We do not accede to the suggestion, that there is any distinction between rail-roads, and ordinary highways, in regard to the degree of care which the law requires, on the part of those who have the direction or management of vehicles upon them.   The rule is the same on this subject, whether they are driven or propelled, on one or the other of these roads, and where there is an interference, whether one of them crosses a road of the same, or of the other kind.   The proprietors of rail-roads have no immunity, which excuses them for a less, or authorizes them to require a greater, degree of care, when about to cross an ordinary road, than if theirs was one of the latter description.   Reasonable care is that which is required, on the part of those who have the management of vehicles on either of them, in all cases. By this, we do not mean to be understood, that the same particular precautions, the same specific preventive measures, are required or tolerated indiscriminately, in all these cases ; or, in other words, that they would invariably constitute reasonable care.   It is, from the very nature of the case, impossible for the law to prescribe the determinate acts, which, in any case, much less those which in all cases, would constitute this kind of care.   What should be deemed reasonable care, in any case, must depend on the peculiar circum-

stances of that particular case. Those precautions which would be reasonable, in some circumstances, might not be so, in others. For instance, one might safely and properly drive on a broad, straight highway in the country, which is little frequented by travellers, with a speed which would be imminently dangerous, in a narrow and crooked street of a city which is usually thronged with people. So, what would be reasonable care, in one driving a carriage on an ordinary road, and about to meet another carriage, coming upon another road of the same description, which intersects it, might, if that other were a rail-road on which cars were advancing, be considered gross negligence, in consequence of the velocity with which carriages, on the latter kind of road, are propelled, and the comparative difficulty of controuling them. So, for obvious reasons, it is usually less safe, to drive rapidly in turning the corners or passing the cross-walks of streets, than where the course is straight, or there are no such walks. Reasonable care requires, that, in all cases, the precautions should be proportioned to the probable danger of injury; and the question as to the exercise of such care, is to be determined like other questions of fact.

A new trial is not advised.

In this opinion the other Judges concurred.

New trial not to be granted.