Bernhardt agt. The Rensselaer and Saratoga Railroad Co.

———◆◆———

# SUPREME COURT.

BETSEY BERNHARDT, administratrix, &c. agt. THE RENSSE-LAER AND SARATOGA RAILROAD COMPANY.

Where, in an action for *causing death,* it clearly appears that the death was caused by the negligent act of the deceased, or that his negligence contributed to it, and also, unless it is shown that the defendants or their agents were guilty of negligence, the plaintiff cannot recover.

*Negligence* is, in all instances, a question of *fact;* and it is only where a question of fact is *entirely free from doubt,* that the court has a right to apply the *law* without the action of the jury; and this rule is equally applicable to the defendant's as to the plaintiff's negligence. And more especially should such a question be submitted to the jury, where some of the matters relied upon to make out negligence depend upon *contradictory testimony.*

*Held,* in this case, that although the evidence (somewhat contradictory,) is such as to have sustained a verdict in favor of the defendants, if the jury had so found, yet the negative of the question as to the plaintiff, whether culpably negligent or not, was not so clear as to warrant the court to decide thereon as matter of law, and to refuse to submit it to the jury. (*This decision reverses that at special term,* 18 *How. Pr. R.,* 427,—GOULD, J., *dissenting.*)

*Albany General Term, May,* 1860.

GOULD, HOGEBOOM *and* INGRAHAM, *Justices.*

THIS action was prosecuted to recover damages for the alleged wrongful killing of Gustavus Bernhardt, by the defendants, in November, 1846, by running a locomotive

engine against him, in the city of Schenectady, producing injuries of which he died. The defendants, by their answer, denied all negligence or improper conduct on their part, and claimed that the injuries were occasioned by the negligence of the deceased. The cause was tried at the Rensselaer circuit, in February, 1859, before Hon. H. Hogeboom, and a jury. At the close of the plaintiff's evidence, the defendants' counsel moved for a non-suit upon the grounds,

1. That no negligence on the part of the defendants had been shown.

2. That the evidence showed that the injuries complained of were occasioned by the carelessness and negligence of the deceased.

3. That the evidence showed that the carelessness and negligence of the deceased contributed in a material degree to the injuries complained of.

4. That it did not appear that the plaintiff was without fault in producing the injuries complained of.

The court overruled the motion, and the defendants' counsel excepted. The jury found a verdict for the plaintiff for $4,000 damages.

The defendants moved for and obtained a new trial on a case at the Albany special term, December, 1859. (*Reported* 18 *How. Pr. R.*, 427.) From this decision the plaintiff appealed to the general term.

Lyman Tremain, *for appellant.*
W. A. Beach, *for respondents.*

By the court—Ingraham, Justice. The plaintiff recovered a verdict against the defendants for damages for negligently causing the death of Gustavus Bernhardt. At the trial of the cause the judge submitted to the jury the questions of negligence, both in regard to the conduct of the deceased and of the defendants' agents, and the jury found

on both grounds against the defendants.    A case was afterwards made, and the defendants moved for and obtained a new trial at special term.

The grounds upon which the new trial was granted were that the case showed the deceased to be guilty of negligence, and that the defendants' agents were not guilty of negligence in causing the death, and therefore the plaintiff was not entitled to recover.

It must be conceded that under the decisions of our courts, where it clearly appears that the death was caused by the negligent act of the deceased, or that his negligence contributed to it, and also unless it is shown that the defendants' agents were guilty of negligence, the plaintiff could not recover.

It is not strictly necessary in this case to say whether any negligence, even of the slightest character, on the part of the deceased, could overbalance the grossest negligence on the part of the defendants.

The rule in England, as originally laid down by Lord ELLENBOROUGH, in 11 *East.*, 60, was "fault in the defendant, and no want of ordinary care to avoid injury on the part of the person injured, was sufficient to give the plaintiff a cause of action," and the same rule was first adopted in this state, viz : " negligence on the part of the defendants, and ordinary care on the part of the person injured are necessary to sustain the action."

Of late, however, a disposition seems to exist to extend this rule much further than to require ordinary care from the injured party, and to relieve from the exercise of any particular caution railroad companies and their agents, although using carriages and power of motion much more likely to cause serious injury and death than were formerly in use when the rule was originally established.

Instead of making the rule in favor of such corporations, and exposing the citizen to greater risk, while more than ordinary care is required of him, it appears to me

that the contrary rule should be adopted, where the party injured has used reasonable care to avoid the accident.

Railroad companies, while in the use of machines eminently destructive of life and limb, should at all times be required to use the utmost care to avoid injuring human beings. The rule in admiralty since the application of steam to navigation has been so altered as to throw upon the steam vessel the burden of avoiding vessels using only their sails, and greater care and caution is required of steam vessels, as well because they are more easily controlled, as because they are more dangerous and destructive if collisions take place with them; and yet the rule seems to be tending, in the case of human life, to require more care on the part of the man, and less care on the part of those managing steam engines. To the establishment of such a rule I do not yield my assent.

The question, however, in the present case is, whether there were any facts which justified the submission to the jury of the questions of negligence on the part of the deceased and of the defendants.

As to the deceased, the evidence showed him to have been a stranger. He had just been landed by the cars in a place where rails were running in various directions, on both sides of the platform, and the crossing of some of which must of course have been necessary. The place was crowded with people, the wind blowing a hurricane, his hat blown off, and, in the confusion, he endeavoring to catch it, struck against the engine. Whether or not, under such circumstances, he was guilty of negligence, would depend upon what notice he had of the approach of the engine. A witness, by him, testifies he did not hear the bell ring; and if a person standing there could not hear it, it is not unreasonable to suppose the deceased did not. No man, unless for the purpose of self-destruction, will voluntarily place himself where his life may be taken

away, and in this case it seems to me the facts proven, with the doubt as to the deceased being within hearing of the bell of the engine, if it was rung, would make it proper and necessary to submit the question of the plaintiff's negligence to the jury.

The cases cited by the respondents, as authority for their view of the defendants' liability, do not warrant the application of a rule so comprehensive, as is contended for by the counsel.

In *Haning* agt. *The N. Y. and Erie R. R.*, (13 *Barb. S. C. Rep.*, 9,) it appears that the plaintiff drove at a fast rate over the railroad track, where he could not see the approach of the cars, and knew that hourly trains were passing that spot.

In *Brooks* agt. *The Buffalo and Niagara Falls R. R. Co.*, (25 *Barb. S. C. R.*, 600,) the plaintiff was held guilty of negligence, because he drove his carriage upon the railroad track when the cars were in sight, coming towards him, and he stopped his horse upon the track and remained there till the engine struck his wagon; and the case of *Dascomb* agt. *The Buffalo R. R. Co.*, (27 *Barb.*, 221,) is one of a similar character, in which the plaintiff is shown to have driven negligently upon the track while the cars were in sight coming towards him.

In all these cases, however, the rule is stated to be whether by ordinary observation and prudence the danger might have been avoided. In the latter case, the judge says : " The true test of the defendants' liability is, could the injury have been avoided by ordinary care on the plaintiff's part ?" And in *Britton* agt. *The Hudson River R. R. Co.*, (18 *N. Y. Rep.*, 248,) Mr. Justice HARRIS admits the rule to be where the negligence of the defendants is proximate and that of the plaintiff is remote, the action may be maintained.

In *Poler* agt. *The New York Central R. R. Co.*, (16 *N. Y. Rep.*, 476,) the evidence showed that the plaintiff's gate

was out of repair, and that he fastened it in a manner which the judge admitted would have warranted the jury in finding the plaintiff guilty of negligence, and yet, although this evidence was uncontradicted, the court of appeals held that the question of negligence was properly submitted to the jury.

Mr. Judge Selden says: "It will be found impossible to define with precision the relative obligations of the parties in this respect, and it would result in most cases in a question (as to negligence) to be addressed to the sound discretion of a jury." So in the present case, although the evidence is such as to have sustained a verdict in favor of the defendants, if the jury had so found, I do not think the negative of the question as to the plaintiff, whether culpably negligent or not, to be so clear as to warrant the court to decide thereon as matter of law, and to refuse to submit it to the jury. And more especially should such a question be submitted to the jury, where some of the matters relied upon to make out negligence depend upon contradictory testimony.

It will not be denied that negligence is in all instances a question of fact, and it is only where a question of fact is entirely free from doubt that the court has a right to apply the law without the action of the jury.

The remarks above made as to the submission of the question as to the plaintiff's negligence apply equally to that as to the defendants'.

It is a question somewhat contradicted in the testimony, whether the bell on the engine was rung, and whether the defendants were justified in the management of the engine being committed to a person whose capacity was to some extent uncertain. It was also a subject of inquiry, whether the person in charge was keeping that strict watch which was required of him in passing through such a crowd, whether his attention was not rather called toward the military company than to the plaintiff, whether the engine

could not have been stopped if the man in charge had kept a proper look out before doing the injury, and whether, considering the noise and crowd and high wind at the time, the defendants' agents were not required to use more means of giving notice to the persons in danger?

Upon most of these questions there was sufficient evidence to call for the finding of the jury. The evidence does not, in my judgment, present the case in such a manner as to warrant the court to take it from them. There is no conceded state of facts to justify such a course; but, on the contrary, I think it was the duty of the judge to submit these questions to the jury for their decision.

I am of opinion that the order at special term should be reversed, and judgment should be ordered upon the verdict with costs.

HOGEBOOM, J., concurs.

GOULD, J., dissents.

————◆◆————

## SUPREME COURT.

MARTHA ERNST, executrix, &c. agt. THE HUDSON RIVER RAILROAD COMPANY.

THIS is a motion for a new trial, on exceptions. The action was brought to recover damages of the defendants for causing the death of Henry Ernst, deceased. The