MARQUETTE v. THE CHICAGO & N. W. R. R. Co.

1. Railroad: REMOVAL OF PASSENGER: NEGLIGENCE. A passenger on a railway train may, for improper conduct, be removed from one car to another, provided the removal is not made in an unreasonable or improper manner, or by the employment of unnecessary force.

2. —— The removal of a passenger, for alleged misconduct, from the ladies' car to another, by the officers of the train, while the train is moving at the rate of twenty miles an hour, is not negligent or

wrongful *per se*, but a question to be left to the jury under all the facts of the case.

3. —— So, too, the question whether unnecessary force was used, or used in an unreasonable manner, is a question of fact for the jury.

4. —— The question of negligence is generally one of fact, to be decided by the jury, under all the circumstances of the case.

### *Appeal from Marshall District Court.*

WEDNESDAY, MARCH 27.

THE plaintiff, in his petition, states that he purchased at Nevada, Iowa, a first-class ticket for a passage on the cars of defendant, from that place to Montana, Iowa; that he entered the cars, and, while riding therein, the conductor of the train, without cause, ordered plaintiff from the car he was then riding in, requiring him to go into another car; that this command was given in an insulting and abusive manner; that plaintiff refused to comply therewith, and that thereupon said conductor siezed plaintiff and removed him into the next car while the train was in motion, thereby exposing plaintiff to great danger and severely bruising and injuring him and tearing his clothing, for which he demands damages, etc.

The answer of the defendant, in one count, alleges that the plaintiff, in coming on board the cars, entered what is usually called the "ladies' car," in a boisterous, noisy and rude manner, and all the seats in said car being occupied, the plaintiff, standing therein, continued to act and speak in a rude and boisterous manner, to the annoyance and disturbance of the passengers, ladies and gentlemen, in said car; that the conductor in charge, seeing plaintiff unprovided with a seat, offered to provide him one in the next car, which was in all respects a first-class coach, whereupon the plaintiff, in rude, abusive and insulting language, refused to go into another coach, and that the conductor, in order to maintain decorum and good order, and the comfort of passengers and safety of

plaintiff, removed him into another car, using no more force than was necessary for that purpose.

Another count of the answer alleges, in addition to the foregoing facts, that the car which plaintiff had entered was the car uniformly set apart for the use of ladies, and gentlemen accompanied by ladies; that the train was furnished at the time with two first-class cars, one in addition to the "ladies' car;" that upon being, by the conductor, politely requested to take a seat in the next car forward — the other first-class car — the plaintiff rudely and profanely refused to do so, and used vulgar and profane language in his refusal, whereupon the conductor, deeming plaintiff an improper person to be in the ladies' car, removed him from said car into the other first-class car, using no more force than was necessary for that purpose.

The cause was tried to a jury, who rendered a verdict for plaintiff. A motion for a new trial being overruled, defendant appeals.

*Henderson & Merriman* for the appellant.

*Boardman, Brown & Williams* for the appellee.

MILLER, J. — The evidence shows that about midnight, September 26, 1870, the defendant took passage on a train on defendant's railroad, at Nevada for Boone; that he was provided with a first-class ticket; that he entered the forward end of what is usually known as the "ladies' car," there being at the time no brakeman at the door; that he deposited his baggage inside the forward end of the car and passed through to the other end, without obtaining a seat; whether there were any vacant seats in the car or not is a fact on which the evidence is conflicting; there were three other men with plaintiff at the time he entered the car, who also entered with him, and none of them were accompanied with ladies; the three

Marquette v. The Chicago & N. W. R. R. Co.

persons with plaintiff obtained seats, plaintiff obtained none and stood up in the rear of the car.

There is evidence tending to show that plaintiff had been drinking previous to his entering the car; that plaintiff and those with him came into the car in a boisterous manner, throwing down their baggage roughly, and kept up a jovial and ironical conversation, making remarks which were improper in the presence of ladies, and that one lady on that account left her seat and went to another part of the car; that when the conductor came to the plaintiff and found him standing, he requested him to go with him into the next car, and he (the conductor) would find him a seat, which plaintiff refused to do, using profane and insolent language, and that, after again requesting him to go into the next car, the conductor, with the assistance of a brakeman, removed plaintiff thither without unnecessary force, the plaintiff stoutly resisting. There is also evidence tending to show that the car to which the plaintiff was removed was, in all respects, a first-class coach, and like the one from which plaintiff was removed.

On the other hand there is evidence *tending* to show that the plaintiff was guilty of no improper conduct; that there were seats vacant in the car from which he was removed; that the conductor ordered him into the next car forward in a rough, peremptory manner; that, upon his refusal, the conductor and brakeman in a rough and violent manner dragged him out of one car into another, and that the conductor gave him no reason for requiring him to leave the car he was in and go into another. There was also some evidence tending to show that the car into which plaintiff was removed was filthy and crowded, and not a first-class car. The train was in motion at the rate of about twenty miles an hour at the time the plaintiff was removed. There is no evidence showing that plaintiff received any injuries beyond a few slight scratches

and bruises, and there is some evidence tending to show that these were caused by himself, while resisting the officers of the train while they were effecting his removal.

Among other instructions, the court gave the following on his own motion:

"The defendants' conductor could not lawfully require the plaintiff to remove from the ladies' car to another while the train was moving at the rate of twenty miles an hour."

The giving of this instruction, and the refusal to give one asked by defendant, embodying a contrary doctrine, are the principal errors urged in argument.

The affirmative of the issue is that plaintiff, without fault on his part, was removed from a first-class car to one of an inferior class, while he had purchased and held a first-class ticket, and that he was removed in such a manner that he was injured. On the other side, it is claimed that there was good and justifiable cause for his removal, and that he was removed in a careful and proper manner.

Two questions then were before the court and jury for determination: 1st. Was there justifiable cause for plaintiff's removal from the one car to the other? 2d. Was he removed in a proper manner? On each of these issues the evidence is conflicting. It is conceded that plaintiff was removed from the ladies' car to the next car forward while the train was in motion, at a rate of speed of about twenty miles an hour.

The court, by this instruction, took from the jury the consideration of the question whether there existed or not any justifiable cause for the removal of the plaintiff, and held that without reference to the conduct of the plaintiff in the ladies' car, he could not be lawfully removed therefrom while the train was in motion at the rate of speed named.

That a passenger may be removed or ejected from a

car, for improper conduct, there can be no doubt, and it is not questioned in this case. In support of this doctrine, see 1 Redf. on Railw., pp. 91, 92, and cases cited. Whether there was such improper conduct on the part of the plaintiff as to justify the conductor in removing him, was a question of fact for the jury. Though the evidence be sufficient to justify his removal, yet if there was unnecessary force used for that purpose, or the removal was in an unreasonable or improper manner, the railroad company would be liable. *Hilliard* v. *Gould*, 34 N. H. 230 ; *State* v. *Ross*, 2 Dutch. 224.

So whether there was unnecessary force used, or whether it was applied or used in an unreasonable manner, or at an improper time, are also questions of fact for the jury. The court, by the instruction given, told the jury that the time and manner of the removal of plaintiff from the car was unreasonable and improper, and therefore unlawful, or rather that it was unlawful because unreasonable and improper. This is the effect of the instruction. It holds the removal of a passenger from one car to another, while the train is in motion at a given rate of speed, to be culpable negligence *as a matter of law.*

It is sometimes said that negligence, when the facts upon which the charge depends are disputed, is a mixed question of law and fact. Shearman & Redfield on Negligence, § 11. When the direct fact in issue is established by undisputed evidence, and such fact is decisive of the case, a question of law is raised, which should be decided by the court. *Purvis* v. *Coleman*, 1 Bosw. 321. But it is very difficult to reduce cases to these simple elements. The law imposes duties upon men according to the circumstances under which they are called to act. And though the law defines the duty, the question whether the circumstances exist which impose that duty upon a particular person, is one of fact. *Foot* v. *Wiswall*, 14 Johns.

304. In a great many cases the law gives no better definition of negligence than the want of such care as men of ordinary prudence would use under similar circumstances. And this raises a question of fact as to what men of this character usually do under like circumstances. Upon this question, the jury have the right to pass, even though no evidence be given of the usage. Consequently, a case of this kind must be left to the jury, even though there be no conflict in the evidence. *Beers* v. *Housatonic R. R. Co.*, 19 Conn. 566.

In *Munroe* v. *Leach*, 7 Metc. 274, which was an action by an owner of a coach and horses against the driver of another coach, for driving the wheels of his coach upon one of the horses attached to plaintiff's coach, it was held a question for the jury whether the plaintiff's driver was guilty of such misconduct as to prevent plaintiff's recovery; and that the court could not properly give peremptory instructions to the jury, that the defendant was entitled to a verdict, because of the misconduct of the plaintiff's driver.

In *Bernhardt* v. *Rensselaer & Saratoga R. R. Co.*, 32 Barb. 165, it was said that "negligence, whether of the plaintiff or defendant, is, in all instances, a question of fact, and it is only where a question of fact is entirely free from doubt that the court has the right to apply the law without the action of the jury."

In *Phil. & Reading R. R. Co.* v. *Spearen*, 47 Penn. St. 300, the court says: "There is no absolute rule as to what constitutes negligence. That conduct which might be so termed in one case, being in another properly considered ordinary care. * * * * It is, therefore, always a question of fact for the jury, under the instruction of the court, as to the relative degree of care, or the want of it, growing out of the circumstances and conduct of the parties." See, also, *Vanderpool* v. *Husson*, 28 Barb. 196; *United States* v. *Taylor*, 5 McLean, 242; *Sheffield*

v. *Rochester & Syracuse R. R. Co.*, 21 Barb. 339 ; *Curtiss* v. *Same*, 20 id. 282; *Galena & Chicago R. R. Co.* v. *Yarwood*, 17 Ill. 509, 519; *Galena & Chicago R. R. Co.* v. *Dill*, 22 id. 264, 271.

It is not, at common law, necessarily negligence in a passenger to ride on the platform of a car. *Meesel* v. *Lynn, etc., R. R. Co.*, 8 Allen, 234. It certainly is not improper for him to do so if he cannot get a seat inside. Shearm. & Redf. on Neg., § 284. Nor is it negligence in passengers, unable to find seats in a car, to pass into another, by direction of the conductor, while the train is in motion. *McIntyre* v. *N. Y. C. R. R. Co.*, 43 Barb. 532. For while moving from one car to another, without cause, while a train is in motion, may be negligence ; yet, if a passenger does so in obedience to a direction or request of the officer in charge of the train, the act may be deemed consistent with proper care, since passengers have a right to rely on the judgment of the officers of the train in respect to such matters, and are bound to obey the reasonable directions of such officers. Shearm. & Redf. on Neg., § 285.

In judging of what is negligence in a particular case regard is to be had to the growth of science and the improvement of the arts which take place from time to time ; for many acts or omissions which are now evidence of gross negligence were but a few years ago consistent with great care and skill. And, on the other hand, many things, which a few years since would have been considered negligence, are now consistent with proper care and skill. Shearm. & Redf. on Neg., § 7. And especially is this true in respect to railroad carriages which within a few years have been transformed from crude and clumsy cars into magnificent traveling palaces, supplied in many cases with the comforts, conveniences, and even luxuries of elegant dwellings, in which the public may travel at a speed and with a degree of safety which thirty years ago would have

been in the highest degree perilous to life and limb. And within a very short period there have been such wonderful improvements in the platforms and couplings of railway passenger coaches as that passengers may, with comparative safety, pass from the other cars of a train to the sleeping and dining coaches, on some of the fastest trains of this country, while in motion.

Daily, ladies, with and without gentlemen, by hundreds pass from car to car, and especially to sleeping and dining coaches while the train is moving at a rate of speed much above twenty miles an hour, and yet accidents from this practice seldom occur. It cannot be true, therefore, *as a matter of fact*, that to pass from one car to another, while the train is in motion at the usual rate of speed is so necessarily dangerous that it may not be justified under any circumstances ; nor can it be true as *a fact*, that the removal of a passenger from one car to another, while the train is moving at its regular speed, is so necessarily dangerous as that it cannot lawfully be done by the officer in charge of the train, under any circumstances, or for any cause. But if the fact were otherwise it should be left to the jury to find upon the evidence, and it is not the province of the court to pronounce it so as matter of law.

Whether it was negligence, or was consistent with due and proper care, for the defendant's conductor to remove the plaintiff, for good cause, from the ladies coach to another car, while the train was in motion, should have been left to the determination of the jury from all the circumstances of the case as disclosed by the evidence.

To entitle the plaintiff to a recovery, he must show that he was removed without sufficient cause, or that he was removed in an unreasonable and improper manner. These are questions of fact for the jury to decide, and should have been left to them.

The judgment of the district court is

Reversed.