No. 81.—THE CENTRAL RAIL ROAD & BANKING COMPANY, plaintiff in error, *vs.* BENJAMIN DAVIS, defendant in error.

[1.] A rail road company is bound to use ordinary care in running its trains, to prevent them from coming in collision with the person or property of an-other; and this it is bound to use, even if that other is, on his side, in some degree negligent; therefore, if damage happens to such other person, by a collision which the company, by the use of ordinary care, might have pre-vented, the company must make good the damage.

Complaint, in Bibb Superior Court. Tried before Judge POWERS, November Term, 1855.

This was an action brought by B. Davis *vs.* The Central R. R. & B'k'g Co. for the value of two mules killed by the cars of the company. It appeared that the mules were loose, and getting on the track, were overtaken by the train and killed. The evidence was conflicting as to the diligence used to lessen the speed of the train. Counsel for defendant re-quested the Court to charge the Jury—"That although cat-tle, hogs, goats, &c. may run at large and rail road compa-

nies be made liable for killing them, yet mules, being of a peculiar nature, should be kept up by the owner; and if allowed to run at large, as in the open woods, and they are killed by rail road trains, (except in cases of gross negligence;) the rail road company will not be liable."

The refusal to give this charge, is the only error assigned.

POE, for plaintiff in error.

STUBBS & HILL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

In *The Macon & W. R. R. vs. Davis*, (18 *Ga. R.*) this Court held that a rail road, in running its trains, is bound to exercise ordinary care to prevent them from damaging person or property by collision; and that if by the exercise of ordinary care it could have prevented a collision, it is liable for the loss occasioned by the collision, even although the person sustaining the loss may have been, on his side, also guilty of the want of some degree of care. This, we still think, a true proposition.

And it is applicable to this case. The owner of the mules was guilty of some degree of negligence in letting them run at large in the vicinity of the uninclosed rail road track; and when they got on the track, that made *him, I* think, a trespasser against the rail road company. He had no *right* to have his mules on that track.

But then, on the other hand, the company had no right to *kill* the mules merely for being there. If the company had chosen to take its redress into its own hands, it might, by the Common Law, have *distrained* the mules and held possession of them, until the owner made it reparation for the trespass. More than this the company would not have done without disregarding the Common Law. (3 *Black. Com.* 7; *Viner's Abr.* "*Distress*"; *Lindon vs. Hooper, Cowp.* 414.)

And as much as this the company could not have done, without disregarding our Provincial Act of 1759, "for the better regulating fences in the Province of Georgia"; for that Act declares that the owner of cattle shall not be liable to answer for damage done by the cattle on another man's land, unless the land be inclosed by a fence "six feet high." If, therefore, such cattle should be distrained by the owner of the land, he would not be entitled to keep the cattle until he had been paid the damage. He would not be entitled to any pay for the damage. Such would be the effect of the Statute.

This Act further declares, that if any person shall kill, maim, hurt or destroy cattle, doing damage in "any garden, orchard, rice ground, indigo field, plantation or settlement," not fenced by such a fence as the Act prescribes, he shall make good to the owner thereof the damages which he may sustain by the killing or maiming, &c. of such, his cattle. (*Cobb's Dig.* 18.)

The company, it is certain, had not the right to *kill* the mules merely because the mules were on its track. It is not every injury that will justify the taking of life, whether it be the life of man or beast. If a man strikes another with his fist, without provocation, it is an injury to the other, but it is not one which authorizes him to slay the striker. So, if a man's horse happens to break into another's field, it is an injury to the latter, but it is not one which authorizes him to kill the horse.

We do not know of any law which puts mules, in respect to the course lawful to be pursued towards them, when doing damage on land not belonging to their owner, on a footing different from that on which the law puts other cattle.

Notwithstanding, then, that the owner of these mules may have been guilty of some degree of negligence in suffering the mules to run at large in the neighborhood of this uninclosed rail road track, yet, that did not excuse the rail road company from the observance of ordinary care in running its train, to prevent it from striking against the mules.

If this be so, the refusal of the Court below, to give the request in charge to the Jury, was manifestly right.

So the judgment of refusal ought to be affirmed.