By the Court. Duer, C. J.
We are now to determine whether the plaintiff is entitled to judgment upon the verdict, as rendered, or whether it is not our duty, upon the facts specially found, to set aside the verdict, and order a judgment, with costs, for the defendants.—Code, § 262.
■ It .was insisted, by the: counsel- for the plaintiff, that the finding of the jury, upon the question of notice to the plaintiff that a safe had been provided, was against evidence, inasmuch as the testimony of. the only witness who swore, to the facts was so uncertain arid contradictory, that it ought to have been disregarded. But this is plainly a question that we have, no right to entertain. If -the counsel, supposed that the verdict of the jury was, in this respect, against evidence—we are far. from meaning to intimate that it was so—he should have moved, for a new trial at Special Term. When a. verdict has been taken, subject to the opinion of the Court at General Term, the only questions on which the Court cari pass, or should permit to'beargued, are questions of law arising upon exceptions, or upon undisputed facts; and when the facts upon which the case depends have been specially found by the jury, their, finding is conclusive. The finding of a jury upon particular questions submitted by the Court, is a convenient substitute for a special verdict, and the duty of the Court at General Term is, in both cases, exactly the same; it is simply to declare the law arising upon the facts, as found. It is true, where a material question has been submitted, in relation to which no evidence at all had been given, or where a material question, that ought to have been submitted, has been omitted, the Court, in the exercise of its discretion,'may :grant a new trial; but in all other cases the prevailing parly is entitled to a final judgment.
It has been contended that in this case there was no evidence to justify the submission to the jury of the question whether the plaintiff was guilty of negligence in not availing himself of the notice given to him—but. we are clearly of opinion that there *326 was evidence applicable to the question, and that it was pro* perly submitted to the jury—that the plaintiff did not avail himself of the notice is certain, and if the notice was as full and explicit as it will appear it was found to be, by the jury, the negligence imputed to the plaintiff was a necessary conclusion.
It was also insisted that negligence, as a question of fact, ought not to have been submitted to the jury at all, but as a question of law ought to have been determined by the Court. But when the facts upon which the charge depends are disputed, negligence is what is termed, in many cases,—although improperly,—a mixed question of fact and of law, that is, the jury are to ascertain the facts, and the judge must instruct them as to the rule of law which they are to apply to the facts as they shall find therm And it is exactly this course that was followed in the present case. The judge charged the jury “ that if the information communicated to the plaintiff was communicated by the authority of the defendants, and was so communicated as that it was understood by the plaintiff, so that he had fall notice that there was a safe in the office appropriated to the safe custody of valuables, it was negligence, considering the amount of money which he had, not to have intrusted it-to-the safe.” The jury in finding that the plaintiff was guilty of negligence, we are bound to presume found all the facts which the Judge had told them were necessary to be proved to justify the charge, and they drew from those facts the exact conclusion which the Judge had instructed them to draw.
It was, however, insisted by the counsel for the plaintiff that the Judge erred in his charge in submitting to the jury the question whether the communication made by the waiter to the plaintiff was made by authority of the defendants, since there is not a scintilla of evidence in the case to show that any such authority was in fact given. That there was no proof of an express authority is certain, and if such an authority was necessary to be proved, -in order to discharge -the defendants, the. objection of the counsel is unanswerable—but we cannot think that any such proof was necessary. The authority of the waiter sprung from his relation to the defendants. In making the communication in question, he consulted their interests, and sought to protect them against a loss to which they might otherwise have *327 been possibly liable. He was therefore acting in the discharge of a duty, which, as a servant, he owed to the defendants as his masters, since he was doing that which it was certain that they, with a knowledge Of the facts, would have wished and directed him to do. We apprehend that in all cases where an agent or servant without any prior authority, performs a needful act, which it was for the manifest benefit of his principal or master should be performed, the assent and authority of such principal or master to the performance of the act will be implied) and an opposite doctrine, it seems to us, would be highly unreasonable. In the law of Marine Insurance the doctrine of an implied authority is of frequent application. In many cases an insurance made by an agent having no prior order or direction to insure is held to be valid, and the ground upon which in all these cases a prior authority from the principal is implied is the same, namely, that the act of the agent was so manifestly for his benefit, as to render it certain that had the circumstances been known to him in time, he would himself have effected or directed the insurance.* In the observations that we have made on this question of authority, we are not to be understood as saying that if the information given to the plaintiff had been communicated to him by a person not in the employ of the defendants—another guest for example—it might not have been deemed sufficient to charge Mm with actual notice.
The only question that remains upon the special finding of the jury, is whether the defendants are to be held liable for the loss that is claimed, upon the sole ground that the notice required by the statute was not at the time of the loss posted up in the bedroom of the plaintiff, although he had actual notice of all the facts, that a notice so posted up would have contained. Unless the affirmative of this proposition is true the plaintiff cannot be entitled to recover; that it is true we find it impossible to believe." We shall admit that the notice given by the waiter to the plaintiff would not have been sufficient to discharge the defendants at common law, notwithstanding the charge of the *328 judge and the finding of the jury, upon the question of negligence, but that the notice was rendered sufficient by the act of the legislature, not indeed by its terms, but by its reasonable, and as it seems to us, even necessary construction, we do not at .all doubt. The notice which the statute requires is merely constructive, since it is evident that .a notice posted up in the room of a guest may wholly escape his attention, yet he is not permitted to .aver his ignorance, but is bound by that presumption of his knowledge which the statute raises. When the facts raising the presumption are proved, his recovery is barred. It is true, the statute is silent as to' the effect of actual notice, but we cannot believe that the legislature intended that a greater effect should be attributed to the' presumed knowledge of a guest than to its actual proofs—that while the presumption bars his recovery, the proof must be. rejected or disregarded. Such, a construction of'.the intention of the legislature would be most-unreasonable, and: although that which we believe to have been its true intention is not. expressed, we cannot but think that it is necessarily. involved in that which is expressed, and the meaning, of the statute we hold to be,—that the knowledge of a guest who has failed'to' deposit his money, or jewelry, in a safe, that he knew to have been provided, shall defeat his claim for a. subsequent loss, and that such is its consequence, whether the knowledge be established by direct and positive, or merely presumptive evidence; ¡Nor do we suppose that.such a construction is confined tó the statute under consideration. The rule, we think, may be' stated as universal; that when a statute declares that certain acts shall create a-presumption of knowledge, which the party to be affected by the knowledge is not permitted to repel, it declares by a necessary implication, that the party’s actual knowledge of the facts to which the presumption relates, is just as admissible in proof, and when proved is equally conclusive. Of the application of the rule, the actual knowledge of a subsequent purchaser of an unrecorded deed or mortgage is an example. If it be said that such a purchaser is not a purchaser in good faith, the reply is that there is a similar want of good faith in a guest who, with a full knowledge that a safé had been provided for the purpose for which it was provided, seeks to deprive.an inn-keeper of the protection that the legislature meant to afford him upon the sole *329 ground, that the terms of the statute had not been literally complied with. The notice given to the plaintiff in this case, the jury have in effect found, contained all the information that a notice posted up in his room, if read, would have conveyed to him, and we are clearly of opinion, that in disregarding such a notice, the plaintiff acted at his peril, and took himself the risk of any subsequent loss.
The verdict must, therefore, be set aside, and a judgment with costs be entered for the defendants.

 The reader will find this subject discussed and the cases collected in 2 Duer on Insurance, p. 132, III.