# Richmond.

## DUN v. SEABOARD AND ROANOKE RAILROAD COMPANY.

February 14, 1884.

1. NEGLIGENT INJURIES—*When compensated.*—Compensation is not recoverable for injury done plaintiff by defendant's mere negligence, where plaintiff by his own ordinary negligence contributed to cause the injury, so that but for such contribution the injury would not have happened, except when the direct cause of the injury is the defendant's omission (after knowing the plaintiff's negligence) to use proper care to prevent the consequences of such negligence. *R. & D. R. R. Co. v. Anderson,* 31 Gratt. 812.

2. IDEM—*Mixed law and fact—Mode of trial.*—Whether defendant was negligent in a particular case involves: (1) "Has a particular act been performed or omitted"? *This is a question of fact.* (2) "Was the performance or omission of this act a legal duty"? *This is a question of law.* The first must be answered by the jury; the second by the court. Defendant's duties depend on the facts of the case. When the facts are disputed, the question of negligence is a mixed question of law and fact. The jury must ascertain the facts, and the judge must instruct them as to the rule of law applicable to the facts as found by them.

3. IDEM—*Undisputed facts—Mode of trial.*—When the direct fact in issue is established by undisputed evidence, and such fact is decisive of the case, a question of law is raised, and the court should decide it. The issue of *negligence* comes within this rule. And so where the facts are admitted by the pleadings, the question is submitted to the court: "Is the plaintiff entitled to any recovery?"

4. IDEM—*Conflict of evidence—Jury trial.*—A judge is not bound to submit to the jury the question of negligence, though there be conflict of evidence as to some facts relied on to prove it, if, rejecting the conflicting evidence, the alleged negligence is proved by defendant's witnesses.

5. IDEM—*Contributory negligence—Case at bar.*—D, a passenger on the S & R railroad, whilst sitting with his arm protruding outside the open window of a car in swift motion, was struck on the elbow by

some wood ranked near the track, and was severely hurt. In action for damages the declaration set out these facts, but did not allege that the position of D was known to defendant, and that the latter, seeing D's danger, omitted to warn D thereof. On demurrer—

HELD:

1. The facts being admitted by the pleadings, it is for the court to decide as to the existence of such negligence as entitles plaintiff to recover.

2. The protrusion of D's arm out of the open window of the car was such contributory negligence on his part as bars his recovery for the injury, however incautious the defendant may have been in guarding against such accidents, it not appearing that defendant, knowing D's danger, omitted to warn him thereof.

3. The demurrer was properly sustained.

Error to judgment of hustings court of Portsmouth city, rendered 25th October, 1881, in action of trespass on the case wherein John P. Dun was plaintiff and the Seaboard and Roanoke Railroad Company defendant.

The object of the action was to recover damages for injury inflicted on the plaintiff through the alleged negligence of the defendant. The plaintiff was a passenger on the defendant's railroad; was sitting in a swiftly moving car with his arm protruding a short distance, to-wit: two inches outside of the open car window, when he was struck on the elbow outside the car by some cord-wood which was ranked near enough to the track to come in contact with the arm so protruding. The declaration alleged these facts, but did not charge that the defendant, after seeing plaintiff's position and danger, omitted to warn him thereof. Defendant demurred, and the hustings court sustained the demurrer—and the plaintiff obtained a writ of error from one of the judges of this court.

*Borland & Brooke,* for plaintiff in error.

The sole ground of demurrer, as disclosed by the argument of the defendant's counsel, was that, as *each count*

contained the statement that the plaintiff's arm was "*resting in the open* window of the car and *protruding a slight distance,* to-wit: the distance of *two inches* out of said window," the declaration on its face *disclosed* "*contributory negligence*" on the part of the *plaintiff,* and that he could not therefore recover.

In sustaining the demurrer the court below erred:

1. Because it withdrew from the consideration of the jury the question of negligence as a fact, and decided it as a matter of law.

(*a*) What constitutes negligence would seem to be, from the very nature of the case, a question of fact for the jury.

In *Beers* v. *Housatonic Railroad Co.,* 19 Conn. Rep. 566, the question arose upon the refusal of the lower court to instruct the jury that the facts in evidence constituted negligence, and in the appellate court Cole J says: "When it is considered that negligence or want of due care was here the main fact to be ascertained, and that the facts, or more correctly speaking, the circumstances, thus given in evidence, were only evidential of such main fact, and conducing to prove it, it is obvious that the court could not have pronounced that those circumstances proved the existence of negligence, or want of due care, on the part of the plaintiff, without encroaching on the rights of the jury, whose exclusive province it was to weigh the evidence and determine whether it was sufficient for that purpose."

To the same general effect are *Aldridge* v. *Great Western Railroad Co.,* 1 Eng. Railroad Cas. 852; *Zump* v. *W. and M. Railroad Co.,* 9 Rich. (S. C.), 84; also cited in 2 Redf· Am. Railway Cases, 491; *Wooden* v. *Austin,* 51 Barb.; *Huelsenkamp* v. *Railroad Co.,* 34 Mo.; *Phila. and Reading Railroad Co.* v. *Spearen,* 47 Penn. St. 300; *Vanderpool* v. *Husson,* 28 Barb. 196; *Shepperd* v. *Railroad Co.,* 21 Barb. 339; *Curtis* v. *Railroad Co.,* 20 Barb. 282; *Carroll* v. *Railroad Co.,* 1 Duer. 571.

The present is a case especially proper to be submitted to a jury, for while there are extreme cases which hold the question of negligence to be at times a question of law for the courts, even they limit the doctrine to those cases where the standard of duty is fixed, and certain, not variable; where the party has failed in the performance of some clear legal duty; where the necessary and inevitable inference, from the undisputed facts, is one of negligence. *Brigg* v. *Taylor*, 2 Redfield's Am. Railway Cases, 559; *Railroad Co.* v. *Armstrong*, 2 P. F. Smith, 282; *Railroad Co.* v. *Ogier*, 11 Casey, 71; *Railroad Co.* v. *McClung*, 2 Redf. Am. Railroad Cases, 549. But, in the case at bar, the measure of the plaintiff's duty is only ordinary care; such care as a reasonably prudent man, under the same circumstances, would exercise. *Norfolk and P. Railroad Co.* v. *Ormsby*, 27 Gratt.; *Beers* v. *Housatonic Railroad Co., supra,* and cases cited; *Richmond and Danville Railroad Co.* v. *Anderson,* 31 Gratt., cases cited pp. 816, 819.

Here, then, the standard of duty is variable—as variable as the circumstances of each case; here the inference of negligence from the undisputed facts is not necessary and inevitable; here you cannot ascertain whether the plaintiff has violated a clear legal duty, until his duty has been first ascertained, what a prudent man, under the same circumstances, would have done. Hence the doctrine that when ordinary care is the measure of duty, the question of negligence must of necessity be referred to the jury. *Carrington* v. *Ficklin's Ex'or,* 32 Gratt. 676, 677.

(*b*). It was especially wrong in the court to decide the question of contributory negligence on a demurrer to the declaration.

The rules of pleading require a certain degree of particularity in the statement of a cause of action—sufficient to give the party who is to answer it reasonable notice of the circumstances of the case. *Baltimore and Ohio R. R. Co.* v.

*Whittington's Adm'r*, 30 Gratt. 805–811.   For that reason the declaration in this case states what part of the plaintiff's body was injured, and its position at the time of the accident; but no rule of pleading requires, and the declaration does not pretend to set out, all the facts and circumstances which, as evidence, might affect the question of negligence in plaintiff or defendant.   Indeed, in cases like the present, very great latitude or indefiniteness of statement is allowed.   *Baltimore and Ohio Railroad Co.* v. *Whittington's Adm'r, supra.*

The declaration in this case sets out only so much of the particulars as the rules of pleading require, but does not pretend to state all the circumstances which it is proposed to put in evidence to sustain the claim or meet a defence. As a matter of pleading, it was necessary to state whether the plaintiff was a passenger or an employee, in the cars or on the tract, and how the injury happened, and hence the allegation in the declaration referred to as the grounds of the demurrer; but it was not necessary, and would have been improper, to allege, if they should happen to be facts, that the conductor saw the plaintiff's arm in the window and did not warn him, or even assured him there was no danger in letting it remain there ; or that, though his arm protruded from the window two inches, the construction of the window was such that his arm was within the line of the cornice ; or that his arm, though out of the window, was within the line of a " dust protector" fastened on the outer edge of the car to keep cinders from coming in the window, and which was also broken by the wood.   Yet it cannot be denied that these facts, if they could be proven, and a hundred others which might be mentioned, would negative the charge of contributory negligence, or at any rate should be allowed to go to the jury as circumstances of great value in determining whether or not ordinary care had been exercised by the plaintiff.

The effect, however, of sustaining the demurrer here, is either that to ride with one's arm out of a car window, however slight in distance, is *per se* negligence, or to require the incorporation into the declaration in such cases, in all their details, even the most trivial circumstances which might tend to rebut the inference of negligence. Neither of these results, we submit, are in accordance with our decisions or practice.

It is at least significant, in this connection, that the books contain, it is believed, no case in which this defence has been raised in this way.

The ground here taken is not to be answered by the argument that by a demurrer to evidence, or a motion for a new trial on the ground that the verdict is contrary to the evidence, questions of fact, even of *negligence*, may be withdrawn from the jury and decided by the court. It might be sufficient to say those are exceptions to the rule, and no such proceedings have been had in this case; but we will go a little further: In the case of a demurrer to the evidence, the court does not decide what are the facts; the demurrant admits the facts (23 Gratt. 637), and simply calls upon the court to apply the law to them; while the power of the court to grant a new trial because the verdict is contrary to the evidence, is merely supervisory for the correction of palpable error (5 Leigh, 598; 6 Leigh, 230; 2 Gratt. 594; 28 Gratt. 165), and is not intended to substitute the court for the jury as the arbiter of facts, as is clearly evidenced by the well recognized and most salutary doctrine that new trials will not be granted on this ground merely because the court differs with the jury as to the facts. So that it would seem that neither of the cases furnish an argument against the plaintiff here, where the court is not called upon simply to apply the law to ascertained facts, as in the first case, but to decide questions of fact, and that too, not upon all the evidence in the case, but only upon

such a meagre statement of the details as the rules of pleading require, nor as in the second case to correct the palpable error, or unconscientious verdict of the jury.

2. We submit with confidence that the plaintiff's conduct, as admitted in the declaration, does not constitute such contributory negligence as to bar recovery.

To constitute a defence to the action the plaintiff's conduct must have been (*a*) negligent, or wanting in ordinary care—such as men of ordinary prudence would exercise.

Was it so? The plaintiff, a passenger, seated next an open car window, suffered his arm to rest in it, so that through inadvertence, or, as we think, a pardonable ignorance of danger, it projected from the window the very slight distance of two inches. Can it be said that no reasonably prudent man would have done the same thing? As a matter of common observation, we might hazard the statement that a very large proportion of the traveling public—men cautious in exposing themselves to danger, and prudent in the affairs of life—constantly do the same thing, and are justified in thinking it safe. No man is obliged, nor has a right to fear that a railroad company, from which the law exacts the greatest possible skill and caution (29 Gratt. 431), will allow an obstruction upon its road to within two inches of the line of passing trains.

We are aware that it has been held in a few States that for a passenger to put his arm out of a car window is negligence *in se*, but the weight and number of authorities is certainly opposed to any such doctrine. Thompson on Carriers of Passengers, p. 258 ; *Spencer* v. *Milwaukee, &c., Railroad Co*, 17 Wis., 487; *Railroad Co.* v. *Pondrone*, 57 Ill., 333 ; Hutcherson on Carriers, §§ 652–660, and cases cited.

(*b*). The plaintiff's conduct to bar his recovery must have been not only negligent but also so contributing to the accident that it would not have been avoided by the exercise of due care and prudence on the part of the defendant at

the time of its occurrence. *Richmond and Danville Rail-road Co.* v. *Anderson,* 31 Gratt. 812; *Tuff* v. *Wanaun,* 5 Q. B. N. S., 94 E. C. L. R., 574; *Davis* v. *Mann,* 10 M. & W. 515; *Radley* v. *London and N. W. Railroad Co.,* 1 Appeal Cases (Law Reports, 1875–6), 754–9; *Balt. and O. Railroad Co.* v. *Shearman's Adm'r,* 30 Gratt. 609.

Could the defendant have avoided the accident by the exercise of due care on its part? Was it in the exercise of due care that it permitted cord wood to be stacked within two inches of the line of passing cars? How strong, then, is the plaintiff's case when we consider the degree of care required of carriers of passengers by rail, viz.: "The greatest care that human prudence and foresight can suggest." 29 Gratt. 431.

*Holladay & Gayle,* for the defendant in error.

LACY, J., delivered the opinion of the court.

The plaintiff in error was a passenger on the cars of the defendant company on the 14th August, 1880, and having his arm outside of the window of the car while the train was rapidly moving along the track, was struck upon his arm outside of the window by some cord wood ranked near the track of the road, and was seriously hurt. In March, 1881, suit was instituted by the said plaintiff in error against the said railroad company, claiming $5,000 in damages for alleged carelessness and negligence in the said railroad company, in causing the said injury to be inflicted upon him, and set forth in his said declaration that his arm, when the injury was sustained, was resting outside of the window of the car a short distance—to wit: about two inches—and alleging that the said cord wood had been negligently allowed to be stacked too close to the road.

To this declaration the defendant company demurred, and the demurrer was sustained by the court, whereupon the plaintiff in error applied for and obtained a writ of error to this court.

The assignments of error are, first, that the order of the 25th of October, 1881, was erroneous, because it withdrew from the consideration of the jury the question of negligence as a fact, and decided it as a matter of law; and second, because the plaintiff's conduct, as admitted in the declaration, did not constitute such contributory negligence as to bar recovery; that what constitutes negligence is a question of fact for the jury; that the court could not pronounce that any given facts proved constituted negligence or want of due care on the part of the plaintiff in error, without encroaching on the rights of the jury, whose exclusive province it was to weight the evidence and determine whether it was sufficient for that purpose; "that this case was one especially proper to be submitted to a jury, for, while there are extreme cases which hold the question of negligence to be at times a question of law for the courts, even they limit the doctrine to those cases where the standard of duty is fixed and certain, not variable, where the party has failed in the performance of some clear legal duty, where the necessary and inevitable inference from the undisputed facts is one of negligence." That in this case the duty of the plaintiff was to exercise ordinary care, such care as an ordinarily prudent man would, under the same circumstances, exercise; and that ordinary care being the measure of duty, the question of negligence must of necessity be referred to the jury. That the plaintiff's conduct in riding with his arm outside of the car window, as admitted in the declaration, does not constitute such contributory negligence as to bar recovery; that the plaintiff's conduct, to bar recovery, must not only have been such as constitutes negligence, but negligence so contributing to the accident

that it would not have been avoided by the exercise of due care and prudence on the part of the defendant at the time of the occurrence.

The defendant in error, on the other hand, insists that the plaintiff in error was guilty of contributory negligence, which was the proximate cause of the injury sustained by him, and that a person who is injured by the mere negligence of another, cannot recover at law or in equity any compensation for his injury if he by his own, or his agent's negligence, or wilful wrong, proximately contributed to produce the injury of which he complains, so that but for his concurring and co-operating fault, the injury would not have happened to him, except when the more approximate cause of the injury is the omission of the other party, after becoming aware of the danger to which the other party is exposed, to use a proper degree of care to avoid injuring him.

The declaration in this case having set forth the fact that the plaintiff had his arm outside of the car window when it was struck in passing the wood rank, the defendant, by his demurrer, admitted all the facts charged in the declaration to be true, not only as to the alleged fact that the plaintiff's arm was out of the window, but also that the cord wood was negligently piled too near the passing trains to permit of a passenger's arm being placed outside of the car window even so far, and thus raised before the court the question whether the plaintiff could recover in an action against a defendant for alleged negligence, if the plaintiff had on his part been guilty of contributory negligence, which was the immediate and proximate cause of the injury.

If the case the plaintiff has made in the declaration in this case is one for which, under the rules of law applicable to the questions involved, there could be no recovery, then the demurrer was properly sustained; while, on the

other hand, if, under the said rules of law, the plaintiff was entitled to some recovery, the demurrer should have been overruled and the case submitted to the jury upon the facts, with proper instructions from the court upon the law of the case.

The sole question for this court to decide in this case is, whether a person who is injured by the negligence of another, not wilful or intentional, can recover in an action therefor when he by his own negligence proximately contributed to the injury, so that but for his co-operating fault, the injury would not have happened, except when the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence.

In this case it is distinctly admitted in the declaration, that the proximate cause of the injury was the negligent act of the plaintiff while riding in the defendant's railway carriage, in putting his arm outside the window of the same while the train was moving at a great rate of speed; and it is also admitted by implication equally plain that if the plaintiff's arm had not been outside the said carriage, the injury would not have happened.

If the injury which the plaintiff sustained was occasioned by the negligence of the defendant, and solely by such negligence, there can be no doubt of the plaintiff's right to recover damages for the injury. But if there was negligence on the part of the defendant, and also on the part of the plaintiff, and the negligence of the latter contributed to the injury, the right of recovery depends upon the circumstances. *Richmond and Danville Railroad Co.* v. *Anderson*, 31 Gratt. 813.

"It has been a rule of law from time immemorial, and is not likely to be changed in all time to come, that there can be no recovery for an injury caused by the mutual fault

of both parties. Where it can be shown that it would not have happened except for the culpable negligence of the party injured concurring with that of the other party, no action can be maintained." *Railroad Co.* v. *Jones*, 95 U. S. R. 439, opinion of Justice Swayne.

While the foregoing is admitted and approved by this court in the case of the *Richmond and Danvelle Railroad Co.* v. *Anderson, supra,* it is there so held, subject to the qualification that a plaintiff may, under certain circumstances, be entitled to recover damages for an injury, although he may, by his own negligence, have contributed to produce it—and this upon the authority of the case of *Tuff* v. *Warman,* 5 Q. B. N. S. (94 E. C. L. R.), 573.

In that case the court said: "It appears to us that the proper question for the jury in this case, and indeed in all others of the like kind, is whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution, that but for such negligence or want of ordinary and common care and caution on his part, the misfortune would not have happened. In the first case, the plaintiff would be entitled to recover; in the latter not; as, but for his own fault, the misfortune would not have happened. Mere negligence, however, on the part of the plaintiff, could not disentitle him to recover, unless it were such that but for that negligence that misfortune would not have happened; nor if the defendant might, by exercise of care on his part, have avoided the consequences of the neglect or carelessness of the plaintiff." See *Butterfield* v. *Forrester*, 11 East. 60; *Bridge* v. *The Grand Junction Railway Co.,* 3 M. & W. 244; *Davies* v. *Mann*, 10 M. & W. 545; *Dowell* v. *The General Steam Navigation Co.,* 5 E. & B. 194; E. C. L. R., vol. 85; Cooley on Torts, 675, and the case of *Radley* v. *London and Northwestern Railway Co.,* 1 Appeal Cases (Law Reports, 1875–6), 754, 759.

The foregoing English rule has been followed in this country, and adopted certainly in this State in the recent decisions of this court on this subject—*Richmond and Danville R. R.* v. *Anderson, supra*—and in many other States of the Union. *Kerwhahee* v. *The Cleveland, Columbus and Cincinnati R. R. Co.*, 3 Ohio St. R. 172 ; *Northern Central Railway Co.* v. *The State, use of Price and others*, 17 Md. R. 8 ; *Baltimore and Ohio R. R. Co.* v. *State, use of Trainer and others*, 33 Md. R. 542; *Brown* v. *The Hannibal and St. Joseph R. R.*, 50 Mo. R. 461, decided in 1872 ; *Central R. R. and Banking Co.* v. *Davis*, 19 Ga. 437; *Isbell* v. *New York and New Haven R. R. Co.*, 25 Conn. 556 ; *Macon and W. R. R. Co.* v. *Davis' Adm'r*, 18 Ga. 679; *Herring* v. *Wil. and Raleigh R. R. Co.* 10 Iredell (Law), 402 ; *Baltimore and Ohio R. R. Co.*, v. *Sherman's Adm'r*, 30 Gratt., and the *Same* v. *Whittington's Adm'r*, 30 Gratt. 805; Sherman and Redfield on Negligence, §§ 25, 494 (3d ed.) ; Wharton on Negligence, § 388 ; Hutchinson on Carriers, § 635 ; *Brighthope Railway Co.* v. *Rogers*, 76 Va. 443; *O. A. and M. R. R. Co.* v. *Mills*, 76 Va. 773; *Richmond and Dan. R. R. Co.* v. *Moore's Adm'r, ante*, p. 93.

In the case of the *Northern Central Railroad Company* v. *State*, 31 Md. 357, it is held that where from the proof of the nature of the accident, it appears that the negligence of the parties was concurrent and co-operated to produce the injury, no action will lie, the law refusing to apportion the fault, and regarding the negligence of either party as equally proximate. *Louisville and Nashville R. R. Co.* v. *Burke*, 6 Caldwell 45 ; *Owens* v. *Hudson River R. R. Co.*, 35 N. Y. 576 ; *Owens* v. *Hudson River R. R. Co.*, 2 Bosworth N. Y. 374 ; *Same* v. *Same*, 7 Bosworth (1860) ; *McKeon* v. *Citizens R. R. Co.*, 43 Mo. 405 ; *Toledo and Wabash R. R. Co.* v. *Goddard*, 25 Md. 185 ; *Cattawassa Railroad Co.* v. *Armstrong*, 49 Penn. St. 186 ; *Potter* v. *Chicago and Northwestern R. R. Co.*, 21 Wis. 372 ; *Williams* v. *Michigan Central*

*R. R. Co.*, 2 Mich. 259; *Memphis and Charleston R. R. Co.*
v. *Whitfield*, 44 Miss. 466.

That a person who, by his own default has brought upon
himself a loss or an injury, can claim no loss or compensa-
tion for it from another, is a principle of universal appli-
cation; and it is equally true, that if his imprudence or
negligence has so materially contributed to the loss or the
injury that but for such imprudence or negligence it would
not have occurred, he can claim no recompense from an-
other who has been instrumental in causing it, unless the
latter, upon the discovery of the danger into which the
party had brought himself by his own fault, could, by
the use of such diligence as the extent of the danger and
the nature of the threatened injury required, have avoided
the occurrence.   If, in other words, the injury, though in-
flicted by another, was unavoidable by the exercise of
proper diligence, by reason of the situation of peril into
which the party, by his own neglect, had placed himself,
he must be considered as the party solely in fault and as
the author of his own misfortune.   The carrier owes to the
passenger not only the duty of transportation, but the duty
of exercising, for his safety, the utmost care and diligence
compatible with the nature of the carriage.   It owes to him
the still further duty of warning him against danger, when
it is at hand, and of cautioning him against acts of impru-
dence which may endanger his person, whenever the cir-
cumstances are such that the safety of the passenger would
seem to require it.   Hutchinson on Carriers, pp. 502, 505.

The question whether a party has been negligent in a
particular case, is one of mingled law and fact.   It includes
two questions, Whether a particular act *has been performed
or omitted;* this is a *pure question of fact.*   Whether the
performance or omission of this act *was a legal duty;* this
is a *pure question of law.*   The extent of a person's duties
is to be determined by a consideration of the circumstances

in which he is placed. The law imposes duties upon men according to the circumstances in which they are called to act. When the facts are disputed, the question of negligence is a mixed question of law and fact. The jury must ascertain the facts, and the judge must instruct them as to the rule of law which they are to apply to the facts as they may find them. *Purvis* v. *Coleman,* 1 Bosw. 321.

When, however, the direct fact in issue is ascertained by undisputed evidence, and such fact is decisive of the case, a question of law is raised, and the court should decide it. The jury has no duty to perform. The issue of negligence comes within this rule. *Dascomb* v. *Buffalo and State Line R. R. Co.,* 27 Barb. 221.

Questions of care and negligence after the facts are proved must be decided by the court. *Biles* v. *Holmes,* 11 Ired. (N. C.) Law R. 16; *Avera* v. *Sexton,* 11 Ired. 247; *Heathcock* v. *Pennington,* 11 Ired. 640; *Herring* v. *Wilmington, &c., R. R. Co.,* Ired. Law R. 402.

A judge is not bound to submit to the jury the question of negligence, although there may be a conflict of evidence in relation to some of the facts relied on as proving it, if rejecting the conflicting evidence, the negligence charged is conclusively proved by the defendant's own witnesses. *Moore* v. *Westevelt,* 1 Bosw. 357.

In the case we are considering, the facts are stated by the plaintiff in his declaration upon which he claims a recovery. These facts, on the other hand, are admitted by the defendant; and the question is submitted to the judge of the court below, as a question of law, whether, upon the facts there stated, which are all agreed, and none of which were controverted, the plaintiff is entitled to any recovery? It is no where alleged in the declaration that the contributory negligence of the plaintiff was known to the defendant, and that the defendant, seeing the danger into which he had placed himself, did not exercise the required dili-

gence on his part to prevent the injury, by warning the plaintiff of the threatened danger. The court, as we have said, held that the negligence of the plaintiff was the immediate cause of the injury which he suffered, and that without such negligence on his part the injury to him would not have happened.

The question thus raised as to the negligence of a passenger in a railway carriage, thus committed by riding with a part of his body outside of the carriage, has often been the subject of judicial investigation in the courts of other States.

In the case of *Laing* v. *Calder*, 8 Penn. St. R. 479, the arm of a passenger was broken whilst he was traveling on a railroad car. The accident occurred while the car was passing over a bridge which was so narrow that the plaintiff's hand, lying outside of the carriage window, was caught by the bridge and the arm was broken. In this case the court held that the merely suffering the hand to remain outside the window was not necessarily negligence which would bar a recovery. But in a subsequent case, in the same court, of the *Pittsburg R. R.* v. *McCleery*, 56 Penn. St. 294, where an injury had been sustained by a passenger from a similar cause, it was held that the thoughtless, or imprudent protrusion of the elbow from the window of the car, was negligence *in se*, which would exempt the company from all liability, although the hurt was produced by the passenger's arm coming in contact with a car standing on a switch on defendant's road. A passenger (said Thompson, C. J.) is to be presumed to know the use of a seat, and the use of a window; that the former is to sit in and the latter is to admit light and air. Each has its separate use. The seat he may occupy in any way most comfortable to himself. The window he has a right to enjoy, but not to occupy. Its use is for the benefit of all, not for the comfort alone of him who has by accident

got nearest to it.   If therefore he sit with his elbow in it,
he does so without authority; and if he allow it to pro-
trude out, and is injured, is this due care on his part?   He
was not put there by the carrier nor invited to go there,
nor misled as to the fact that it is not a part of his seat,
nor that its purposes were not exclusively to admit light
and air for the benefit of all.   His position is therefore
without authority.   His negligence consists in putting his
limbs where they ought not be, and where they are liable
to be broken without his ability to know whether there is
danger or not approaching.   In a case, therefore, where the
injury stands confessed, or is proved to have resulted from
the position voluntarily or thoughtlessly taken in a win-
dow, by contact with outside obstacles or forces, it cannot
be otherwise characterized than as negligence, and so to
be pronounced by the court.

And in the case of *Todd* v. *The Railroad*—3 Allen, 18 ; 7
Id. 207—where an action was against a railroad company to
recover damages for a personal injury to the elbow of a
passenger extended through an open window, it was held
that there was no liability upon the company.   In that
case the court said : " Looking at the mode in which rail-
roads are constructed, with posts and barriers, which are
placed very near to the track on which the cars are to pass,
the rapid rate at which trains move, the manner in which
the cars are made, with seats to accommodate passengers
so as to avoid any exposure of the body or limbs to out-
ward objects in passing, we can see no ground on which it
can be contended that a person traveling on a railroad is
exercising reasonable care in placing his arm in such a po-
sition that it protrudes from a window, and may come in
contact with external obstructions."   It was therefore held,
that if a passenger's elbow extended through the open win-
dow beyond the place where the sash would have been if

the window had been shut, it was the duty of the court to rule that it was such carelessness as to prevent a recovery of damages by him. And the rule thus laid down has been followed in many subsequent cases. *Louisville R. R.* v. *Stickings,* 5 Bush. 1; *Indianapolis R. R.* v. *Rutherford,* 29 Ind. 82; *Pittsburg R. R.* v. *McCleery, supra*; *Pittsburg R. R.* v. *Andrews,* 39 Md. 329; *Holbrook* v. *The Railroad,* 12 N. Y. 236.

According to these decisions, the protrusion of the limbs of the passengers even to the minutest distance out of the windows of the car, will be regarded as necessarily and under all circumstances such contributory negligence on the part of the passenger as will deprive him of all right to claim compensation from the carrier for injuries which may be occasioned thereby, however incautious the latter may have been in guarding against such accidents.

A different rule has been laid down in other cases, in other States of the Union, and in some of them the courts have gone so far as to hold that the carrier is responsible for such injuries received under such circumstances, unless the windows of the cars are so barricaded with bars as to render it impossible for the passenger to put any of his limbs outside of the window. *New Jersey Railroad* v. *Kennard,* 21 Penn. St. R. 203; *Spencer* v. *The Railroad,* 17 Wis. 487; *Chicago R. R.* v. *Pendrom,* 51 Ill. 333.

But we are constrained to withhold our sanction from these cases. It seems to be the better rule, both upon authority and upon reason, that the passenger, being endowed with intelligence which enables him to foresee and to avoid danger, the exercise of at least ordinary prudence is required on his part to escape it; and if, by his failure to exercise these faculties for his own preservation, a misfortune befall him, though the carrier may have been in fault, it will be attributed to his own carelessness and in-

attention, and the responsibility will not be thrown on the carrier.  The carrier is held to the utmost care and circumspection which can be exercised under all the circumstances, so far as human care and foresight can go.  It ought not to be held necessary, and can be so held upon no sound principle, that the carrier should barricade and bar the windows, to the partial exclusion of light and air, and to the discomfort, and, in case of collision or other accident of like kind, at a sacrifice of the safety of all.  It many times happens, when trains have collided and the cars telescoped, the doors are jammed up so as to be useless; fire is often the immediate result, and the open windows on such cars furnish the only means of escape from a horrible death.  To bar the windows would increase the danger as well as the discomfort of railroad travel.  And the same reason which commend the bars on the windows would as well require the doors to be locked and barred; and then all these precautions would prove unavailing where the passengers sought to avoid the restraints thus imposed.  We do not think such restraints and precautions ought to be held necessary in order to prevent intelligent and rational beings from thrusting their heads or their limbs through the windows of swiftly moving trains.

It is better, we think, to adhere to the rule already established in this court cited above, that " one who is injured by the mere negligence of another cannot recover any compensation for his injury if he, by his own ordinary negligence or wilful wrong contributed to produce the injury of which he complains ; so that but for his concurring and co-operating fault the injury would not have happened to him, except where the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence."

*Tuff* v. *Warman,* 5 Q. B. (N. S.) 573 ; *R. R. Co.* v. *Anderson,* 31 Gratt. 812.

And we are therefore of opinion that there is no error in the judgment of the corporation court of the city of Portsmouth, appealed from, and the same must therefore be affirmed.

JUDGMENT AFFIRMED.