## Richmond.

### RICHMOND AND DANVILLE R. R. CO. v. SCOTT.

March 31st, 1892.

1. DECLARATION—*Demurrer—Contributory negligence.*—Third count in declaration sets forth that plaintiff put his hand three inches out of the car window, and it struck against the bridge through which the train was passing;
HELD:
    Insufficient on demurrer.
2. IDEM—*Insufficient as to one count—Effect.*—Where one of three counts was bad, and demurrer thereto was overruled, and there is a verdict which may have been on that count;
HELD:
    The verdict should be set aside.
3. CONTRIBUTORY NEGLIGENCE—*Case at bar.*—Protrusion by passenger of his limb out of the car window, to any extent whatever, is such contributory negligence as will bar recovery for injury thereto.

Error to judgment of circuit court of Charlotte county, rendered March 28th, 1890, in an action of trespass on the case, wherein the defendant in error, Scott, was plaintiff, and the Virginia Midland Railroad Company was defendant. Opinion states the case.

*B. B. Munford*, for plaintiff in error.

*W. W. Henry*, for defendant in error.

LACY, J., delivered the opinion of the court.

This action is trespass on the case by the defendant in error against the plaintiff in error for damages for injuries received by him while riding as a passenger on the train of the plaintiff in error on the 15th day of February, 1888.

The declaration of the plaintiff contained three counts, and the defendant in the circuit court demurred thereto and to each count thereof, which demurrer the court overruled. The evidence was taken, and instructions asked on both sides and refused by the court, and other instructions given by the court of its own motion, and the defendant excepted. The verdict was in favor of the plaintiff. And the defendant moved the court to set aside the verdict and grant a new trial to it, which motion the court overruled and certified the evidence; and the defendant having duly excepted and filed bills of exceptions to the rulings of the court against it, in refusing to admit certain evidence offered by it; in refusing its instructions and giving others, and in overruling its motion to set aside the verdict and grant to it a new trial, applied for and obtained a writ of error to this court.

The first error assigned here is the action of the circuit court of Charlotte county in overruling the defendant's demurrer to the declaration of the plaintiff and to each count thereof.

The first count, and also the second, set forth that the plaintiff, on the 15th day of February, 1888, was being carried as a passenger on the road of the defendant, and was sitting near an open window of the car, by a lurch of the train, caused by uneven condition of the rails, one being lower than the other, and the bridge being too narrow, the hand and arm of the plaintiff were thrown out of the window, and came in contact with the bridge through which it was then passing, and the plaintiff was injured.

The third count sets forth that the plaintiff put his hand out

of the window three inches, and it struck against the bridge through which the train was passing.

The third count was bad, and the demurrer should have been sustained as to that.

In the case of *Dunn* v. *The Seaboard and Roanoke R. R. Co.*, 78 Va. 662, it was said after citing numerous cases :

"According to these decisions, the protrusion of the limbs of the passengers, even to the minutest distance out of the windows of the car, will be regarded as necessarily and under all circumstances, such contributory negligence on the part of the passenger as will deprive him of all right to claim compensation from the carrier for injuries which may be occasioned thereby, however incautious the latter may have been in guarding against such accidents."

In that case the declaration set forth that the arm of the plaintiff protruded two inches outside of the car, and the lower court sustained the demurrer, and the plaintiff appealed to this court, where the judgment of the lower court was affirmed.

In this case, as in that, the declaration containing this count was bad, for the same reasons assigned in that case.

It is not necessary to consider the declaration farther. It cannot be said that the jury found their verdict under the first any more than under the third count; and a glance at the evidence indicates that without the third count there could reasonably have been no such verdict for the plaintiff. Admitting the evidence for the plaintiff to be true, and it appears that the depression of the right-hand rail was one-half an inch lower than the other, when tested by the level, which was applied to it. The plaintiff testifies that his body was not moved from its position, and other uncontradicted witnesses testify that they were not moved in their seats. This casting of the hand of a man out of the window fifteen or eighteen inches to strike a bridge, while his body did not move out of

his seat, states a proposition which is as improbable as that half an inch difference in the rails would cause any lurch which could be *discoverable* to any occupant of the car. It is shown by a passenger who sat on the next seat to the plaintiff, and by the conductor, who came up as soon as an outcry was made, and by the doctor who dressed the injured limb, that the plaintiff said he got his hand hurt by putting it out of the window, and he himself saying in his declaration that he got it hurt by putting it out of the car window. And it being proved that the top of the car did not touch the bridge when the supposed careen occurred, and the distance of the car window from the side of the bridge being established, and the depression being only claimed to be half inch on one rail, it is unreasonable to suppose that the jury disregarded the third count, and grounded their verdict on what must have appeared to them an impossibility—that when the body is not disturbed in the seat—that the hand and the arm could have been thrown backwards out of the window, while it was still attached to the body of the passenger. We cannot presume this to have been the ground of the jury's action, while the declaration stated and the proof showed that there was a reasonable way by which the hand got out of the window, contrary to no reasonable experience, but in accordance with every-day experience and observation.

That passengers sometimes put their arms and other parts of their body out of the window of a car in motion, but that a hand of a passenger should be cast out of a window near which he was sitting, by reason of half-inch depression in one rail, cannot be said to be in accordance with the every-day observation of men.

We do not say and we do not know upon what ground the verdict rested, but it is clear that under the pleadings it might have rested upon the third count, and the evidence tending to support it, and that is enough. No recovery can be had under such circumstances.

The demurrer should have been sustained as to the third count, and the circuit court erred in overruling the same, and for that cause the judgments will be reversed and annulled.

It is not necessary to go farther into the case. The case will be remanded to the circuit court, where the plaintiff may amend his declaration, if he shall be so advised, by leave of the circuit court.

JUDGMENT REVERSED.